IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13 C 6010 |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Trans Union, LLC ("Trans Union") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Maria Flores ("Flores") that charges it with violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. This memorandum order is issued sua sponte because of the extraordinarily problematic nature of Trans Union's responsive pleading--indeed, "problematic" is a euphemistic understatement, because various aspects of that pleading are clearly at odds with the objective good faith required of any pleader under Fed. R. Civ. P. ("Rule") 11(d) and, indeed, might perhaps trigger the responsibility of Trans Union's counsel under 28 U.S.C. §1927.[1]

Because so much of Trans Union's pleading is troublesome, this memorandum order has sought to be reasonably exhaustive--but it is not this Court's responsibility or role to police counsel's filing, so Flores' attorneys are of course free to identify any

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

defects not mentioned here. Moreover, no effort will be made here to rank the pleading defects in any order of importance--instead the matters referred to in this memorandum order will simply follow the sequence in which they appear in Trans Union's pleading.

First, just how does the Complaint ¶3 allegation about venue give rise to a Rule 8(b)(5) disclaimer in light of Trans Union's admission in the second sentence of its Answer ¶5? If for example Trans Union's counsel believe that a combination of Section 1391(b)(1) and 1391(c)(2), or perhaps Section 1391(b)(2) alone, are somehow inapplicable to support venue in this judicial district, counsel should explain just how such is the case.

Next, Trans Union's Rule 8(b)(5) disclaimers in Answer ¶¶11 and 12 can hardly be justified in light of the specific information that Flores' Complaint has provided about the California and Illinois bankruptcies in the corresponding paragraphs of her Complaint. That information--particularly given Trans Union's investigatory resources--were clearly sufficient to give rise to a belief on its part calling for such investigation, rather than its playing ostrich by availing itself of such dubious Rule 8(b)(5) disclaimer assertions.

Next, does Trans Union fail to keep records about its own records? Unless such is the case, its Rule 8(b)(5) disclaimer in Answer ¶13 is difficult to understand.

2

Answer ¶14 appears to be another instance of a cop-out on the part of Trans Union. Relatedly, this Court is uncertain as to the reason that Trans Union hedges its disclaimer here by inserting the phrase "at this time." Once again it would appear that minimal investigation would call for a less amorphous response that would better serve the pleading purpose of disclosing just whether the parties are or are not at issue with each other.

As for Answer ¶15, is Trans Union asserting that it has no access to the information whether the other two major credit bureaus, Experian and Equifax, are or are not reporting the same bankruptcy filing as to Flores that the Trans Union report includes? Barring such unavailability, it would appear that nothing other than a straightforward admission should be made in Answer ¶15.

As to Answer ¶16, does Trans Union once again indicate that it does not retain records of its own activity? At least in part (if not entirely) Answer ¶16 would appear to call for an answer rather than a disclaimer.

Next, Answer ¶17 is an impermissible hedge--it is not at all clear what portion of Complaint ¶17 is disclaimed, and on what basis. That hedge is unacceptable.

Answer ¶18 poses a different problem, this time a misuse of Rule 8(b)(6). If the statements contained in Complaint ¶18 "do

not constitute allegations asserted against" Trans Union as it contends, just whom do those statements target?

Answer ¶19 is bizarre. Again the hedge "at this time" inexplicably appears, while Trans Union's credit report on Flores is assuredly within its own knowledge--hence it is difficult to understand how anything but a flat-out admission is called for "at this time."

In a turnaround of sorts, Complaint ¶20 gets a flat-out denial from Trans Union. It would seem instead that Trans Union could appropriately deny the opening clause in Complaint ¶20, then having done so it could this time properly assert a Rule 8(b)(5) disclaimer as to Flores' recital of her claimed damages.

Answer ¶¶21 and 22 contain the same flaw identified earlier as to Answer ¶18. Again Trans Union's counsel should be more careful when, as is required by this memorandum order, a substitute pleading is provided.

Finally, this Court turns to Trans Union's ADs. Here are some problems in that area:

> 1. AD 1 violates the fundamental principle that an AD must accept the allegations of the complaint to which a response is being made as gospel, while at the same time stating that some other reason negates or lessens the responding party's responsibility--see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D.

4

Ill. 2001), as well as Rule 8(c) and the caselaw applying it. AD 1 does not do so, and it is stricken.

2. Just what step or steps does Trans Union say Flores could or should have taken "to mitigate her damages"? AD 2 is also stricken.

3. AD 3 is also at odds with Flores' Complaint, and it too is stricken.

4. Just how are the matters about which Flores complains assertedly "the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control"? This AD also bites the dust.

5. This Court will be receptive to any authority provided by Trans Union to support its AD 5. In the meantime that AD will be permitted to be repeated in the amended responsive pleading required by this memorandum order.

In sum, the entire Answer and ADs are stricken, with leave granted to file a self-contained responsive pleading on or before September 27, 2013. No charge is to be made to Trans Union by its counsel for the added work and expense incurred in correcting counsel's errors. Trans Union's counsel are ordered to apprise their client to that effect by a letter accompanied by a copy of this memorandum order, with a copy of the forwarding letter to be

transmitted to this Court's chambers as an informational matter (not for filing).

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  September 17, 2013